# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO GRIFFIN,            )
                            )
    Movant,                 )
                            )
v.                          )   Case No. CV411-261
                            )           CR410-005
UNITED STATES OF AMERICA,   )
                            )
    Respondent.             )

## REPORT AND RECOMMENDATION

Antonio Griffin pled guilty to gun and drug charges, CR410-005 docs. 64 & 65,[1] took no appeal, and now moves for 28 U.S.C. § 2255 relief. Doc. 66. He complains that his retained counsel, L. Nicole King, abandoned him at every turn, effectively forcing him to plead guilty. Doc. 66 at 14-27; doc. 73. That abandonment, he insists, included the direct appeal that he wanted to take. Doc. 66 at 4, 16-20. The Government concedes this point. Doc. 72 at 1 ("The government will concede that Griffin is entitled to an out of time appeal as to his claim

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper-document's printed pagination.

that his attorney failed to file a direct appeal despite his explicit request."), *as clarified*, doc. 74 at 1 ("the government clarifies that it concedes the facts alleged by Griffin as to that claim: that Griffin asked his attorney to file an appeal, and that Griffin's attorney did not file that appeal.").[2]

Griffin is entitled to relief on that particular claim, which means a new appeal, so the Court will not reach the remainder of Griffin's § 2255 claims (that counsel was ineffective for failing to investigate his defense prior to his plea, etc.). Consequently, Griffin's § 2255 motion should be **GRANTED** so that he may pursue an out-of-time direct appeal. The Eleventh Circuit set forth the procedure courts must follow when granting out-of-time appeals in *United States v. Phillips*, 225 F.3d 1198,

---

[2] As this Court recently explained:

> The appeal of a federal conviction is "a matter of right," *Coppedge v. United States*, 369 U.S. 438, 441 (1962), and thus "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 477 (2000). "This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice." *Id.*; *Diaz-Maldonado v. United States*, 2010 WL 5179201 at * 1 (N.D. Ga. Nov. 18, 2010), *adopted*, 2010 WL 5276982 (N.D. Ga. Dec. 15, 2010) (granting movant a new appeal).

*Young v. United States*, CV411-175 doc. 7, 2012 WL 1970853 at * 1 (S.D. Ga. May 7, 2012); *see also id.*, at * 1 n. 3 (reminding that this issue can be avoided by the simple use of a prepared form that court clerks and even prosecutors should ensure that defense counsel timely receive).

1201 (11th Cir. 2000). Pursuant to *Phillips* (1) the judgment in movant's criminal case should be vacated; (2) the Court should enter a new judgment imposing the same sentence; (3) movant should be informed of all of his rights associated with filing an appeal of his reimposed sentence, and (4) movant should be advised that he has 14 days from the date of the reimposition of his sentence to file a timely appeal in accordance with Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. *Id.* As it is clear that Griffin desires to appeal, the Court should instruct the Clerk to file a notice of appeal on his behalf as soon as the new judgment is entered.

Griffin's motion for appointment of counsel (doc. 65) is **DENIED** without prejudice to his right to renew it upon his completion of a new CJA form. Although the Court appointed counsel to represent Griffin at the outset of his criminal case, docs. 16 & 17, he was later able to retain Ms. King, doc. 10, whereupon CJA counsel was excused. Thus, Griffin must demonstrate that he now financially qualifies for appointed counsel before the Court will grant him a lawyer at public expense.

To summarize, Griffin's § 2255 motion (doc. 66) should be **GRANTED** but his motion for appointment of counsel (doc. 65) is **DENIED** without prejudice.

**SO REPORTED AND RECOMMENDED** this _3rd_ day of July, 2012.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA