FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2012 AUG 10 PM 3:56
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO GRIFFIN,

    Petitioner,

v.                                           CASE NOS. CV411-261
                                                       CR410-005
UNITED STATES OF AMERICA,

    Respondent.

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which no objections have been filed. After a careful de novo review of the record, the Court does not concur with the report and recommendation. Accordingly, the report and recommendation is **REJECTED** and this matter is again **REFERRED** to the Magistrate Judge with the following directions.

Petitioner contends that, following his guilty plea and sentencing for drug and gun charges, his retained counsel failed to follow his explicit instructions to file a notice of appeal.[1] (Id. at 1-2.) In its response and reply, the Government concedes that Petitioner is entitled to an out-of-time appeal. (Doc. 4 at 8 n.1; Doc. 6 at 1.) According to the Government, its decision to simply concede the claim is not based on any knowledge of the facts of this case. (Doc. 4 at 8 n.1.)

---

[1] Petitioner also raised several other grounds for habeas relief. (Doc. 7 at 1.)

Rather, the Government thinks it more expeditious to simply allow the out-of-time direct appeal instead of holding an evidentiary hearing and determining whether Petitioner is actually entitled to that appeal. (Id.)

The Court is disappointed with the Government's position. Petitioner has alleged that his counsel committed malpractice by abandoning him prior to the conclusion of his case. While the Government may wish to save some effort by saddling Petitioner's counsel with that finding, the Court is not so quick to hang that claim around counsel's neck without first attempting to ascertain the facts surrounding any failure or decision not to file a notice of appeal in this case. Therefore, the Court will not accept the Magistrate Judge's Report and Recommendation. This case is again referred to the Magistrate Judge to hold an evidentiary hearing for the purpose of determining whether Petitioner is entitled to an out-of-time appeal.[2]

SO ORDERED this 10th day of August 2012.

WILLIAM T. MOORE, JR
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] If necessary, the Magistrate Judge should also address the remainder of Petitioner's claims. When addressing these claims, the Magistrate Judge should hold evidentiary hearings to decide factual issues rather than simply accepting the Government's practical concessions.

2