# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ANTONIO GRIFFIN, )
)
    Movant, )
)
v. ) Case No. CV416-136
) CR410-005
UNITED STATES OF AMERICA, )
)
    Respondent. )

## **REPORT AND RECOMMENDATION**

Over five years ago, Antonio Griffin pled guilty to being a felon in possession of a firearm and possession with intent to distribute controlled substances. Doc. 63.[1] Almost four years ago his first 28 U.S.C. § 2255 motion succeeded in forcing an out-of-time direct appeal. Docs. 90 & 93. That failed on July 24, 2013. Doc. 104. He now hoes the § 2255 row again,[2] arguing that *Johnson v. United States*, \_\_\_ U.S. \_\_\_, 135 S. Ct. 2551 (2015), "afford[s him] relief in his current sentence." Doc. 108

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

[2] As the Eleventh Circuit noted recently, "a successful § 2255 motion to permit an out-of-time direct appeal does not render a subsequent collateral challenge 'second or successive' under [AEDPA]. *McIver v. United States*, 307 F.3d 1327, 1330 (11th Cir. 2002)." Doc. 111 at 1-2. This motion therefore suffers none of the difficulties legally second motions endure. *See* 28 U.S.C. §§ 2244, 2255(h).

at 4.  He premises his motion's timeliness on *Johnson* retroactively applying to his case.  *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).  Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both."  It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  *Id.* at § 924(e)(2)(B).  *Johnson* found that "residual" clause so vague as to violate due process.  *See* 135 S. Ct. at 2557.  The U.S. Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional.  U.S.S.G. § 4B1.2(a)(2).  Several other federal statutes also utilize similar verbiage.  *See, e.g.*, 18 U.S.C. § 16.

Even though Griffin's sentence stems in part from a felon-in-possession conviction which otherwise supports an ACCA enhancement, no such enhancement exists here, as reflected in his Presentence Investigation Report. And nothing about either of his convictions involves a "crime of violence," much less includes language similar to what *Johnson* found unconstitutional.

It follows that Griffin cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which means that clock started the day his conviction became final (October 20, 2013).[3] It ran out on October 20, 2014, so his motion is untimely by almost two years.[4]

---

[3] The Eleventh Circuit's mandate affirming his convictions issued on July 22, 2013. Doc. 104. Griffin then had 90 days to petition the Supreme Court for a writ of *certiorari*. Sup. Ct. R. 13. He did not, so his conviction became final at the expiration of that time period (October 20, 2013). *See Gonzalez v. Thaler*, ___ U.S. ___, 132 S. Ct. 641, 653 (2012) (finality attaches for petitioners who do not pursue the appellate review process all the way to the Supreme Court when the time for seeking such review expires).

[4] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail v. United States*, 2016 WL 1658594 at * 4 (S.D. Ga. Mar. 23, 2016) (*quoting McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Griffin invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

3

Accordingly, Griffin's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this  8th  day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA